UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID T. BOSSET, et al.

        Plaintiffs,

v.                                 Case No.  8:05-cv-1015-T-24MSS

INTERNAL REVENUE SERVICE,

        Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Motion for Reconsideration of Order of Dismissal and Plaintiffs' Third Motion for Clarification.  (Doc. No. 55).  On March 6, 2006, this Court dismissed Plaintiffs' complaint for lack of subject matter jurisdiction, because the IRS is not a proper party, and for failure to state a claim.  (Doc. No. 54).

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).   Plaintiffs' motion does not fit within any of these three grounds.  Rather, Plaintiffs' motion essentially reiterates the same arguments previously considered by this Court.  "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision."  Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999). Plaintiffs' motion attempts to refute the basis of this Court's earlier decision.  Much of Plaintiffs' motion for reconsideration centers around Plaintiffs' belief that this Court has demonstrated a bias in favor of Defendant by stating that the IRS is a government agency

without any proof contrary to Plaintiffs' assertion that the IRS is a private corporation. (Doc. No. 55 at 4). This argument is without merit. Plaintiffs' motion also contains numerous questions, which are nothing more than unsupported attacks on this Court's decision. For example, Plaintiffs ask "[d]oes this Court have to apply all of the laws of Congress or just selectively the ones that protect the IRS illegal actions? If not, why not?" (Doc. No. 55 at 15). Therefore, reconsideration is not warranted.

However, the Court will address two issues raised by Plaintiffs. First, Plaintiffs claim that this Court erred when it stated that "Plaintiff does not seek injunctive relief against Defendants." (Doc. No. 55 at 13). However, Plaintiffs have misread this Court's order. The Court specifically stated that "Plaintiffs' complaint does seek injunctive relief against Defendant," but the Court lacked jurisdiction to issue injunctive relief pursuant to the Anti-Injunctive Act. (Doc. No. 54 at 4). Second, Plaintiffs state that this Court cannot cite to district court cases from the Middle District of Florida, since these cases are not from a superior court. (Doc. No. 55 at 15). Plaintiffs are mistaken. While district court cases are not binding upon this Court, they are persuasive and can be cited.

To the extent that Plaintiffs' motion is a motion for clarification, it is also denied. Plaintiffs do not seek clarification; rather, Plaintiffs merely attempt reargue their position in opposition to Defendant's motion to dismiss.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration of Order of Dismissal and Plaintiffs' Third Motion for Clarification (Doc. No. 55) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of March, 2006.

Copies to:
Counsel of Record
David T. Bosset, pro se
10352 Lafoy Rd.
Spring Hill, FL 34608

SUSAN C. BUCKLEW
United States District Judge